**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION—IN ADMIRALTY**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WILLIAM C. ZWINGELBERG, AS THE OWNER OF A 1986 OVERSEAS PT 46, "LAKOTA", HULL IDENTIFICATION NUMBER SY146024G889, OFFICIAL NUMBER 970959, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

**COMPLAINT IN ADMIRALTY FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

NOW COMES Limitation Plaintiff William C. Zwingelberg (hereinafter, the "Limitation Plaintiff"), as the owner of a 1986 Overseas PT 46, "Lakota" (Hull Identification Number: SY146024G889, Official Number 970959) (hereinafter, the "Limitation Vessel"), by counsel, in this action for exoneration from or limitation of liability arising from a fire that occurred on January 31, 2024, at Anchorage Marina located in Baltimore, Maryland (hereinafter, the "Fire"), and alleges as follows:

**Jurisdiction and Venue**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested, no suit has been commenced against the Limitation Plaintiff, and the remnants of the Limitation Vessel are within this District.

1

3. The Fire occurred on January 31, 2024, and, therefore, there are no written notices of potential claims made more than six months prior to the filing of this Complaint.

## The Limitation Plaintiff and the Limitation Vessel

4. At all material times, the Limitation Plaintiff was and is a legal South Dakota resident, residing in Baltimore, Maryland.

5. The Limitation Vessel is a 1986 Overseas PT 46, named "Lakota" (Hull Identification Number: SY146024G889, Official Number: 970959), purchased by the Limitation Plaintiff less than two (2) years ago.

6. At all material times, the Limitation Plaintiff was the sole owner of the Limitation Vessel.

7. After the Fire on January 31, 2024, which effectively destroyed the Limitation Vessel, what remained of the Limitation Vessel was raised from the water and moved ashore in Baltimore, Maryland, located within the District of Maryland, Northern Division, where the remnants, debris, and strippings from the Limitation Vessel are presently secured.

## The Fire

8. On January 31, 2024, the Limitation Vessel was moored at a slip at Anchorage Marina, located on the navigable waters of the Patapsco River in Baltimore, Maryland.

9. At some point during morning hours of January 31, 2024, it is alleged that the Fire broke out onboard the Limitation Vessel.

10. The Limitation Plaintiff was aboard the Limitation Vessel on the day of the Fire.

11. The Fire spread and engulfed the Limitation Vessel, effectively destroying it.

12. During the course of the Fire, the Limitation Vessel sank to the bottom of the Patapsco River.

13. The Fire spread to other vessels, and it is believed that at least two (2) other vessels were either damaged or determined a total loss as a result of the Fire. In addition, the floating dock to which the Limitation Vessel was moored also was damaged by the Fire. The claims likely to be made by the other vessels and the marina damaged by the Fire undoubtedly will exceed the fair market value of the Limitation Vessel and any pending freight immediately following the Fire.

14. The fair market value of the Limitation Vessel, following the Fire, is estimated to be zero dollars ($0.00) (U.S.). The Fire rendered the Limitation Vessel a total wreck with no real remaining value of any kind, and the remnants, debris, and strippings from the Limitation Vessel are equally valueless. An affidavit from John C. McDonough concerning the fair maker value of the Limitation Vessel after the Fire is attached to this Petition as its **Exhibit 1**.

15. The Limitation Vessel had no pending freight at the time of the Fire.

16. The waters of Anchorage Marina connect, in an unimpeded fashion, to the Patapsco River, and the Patapsco River itself connects, unimpeded, to the Chesapeake Bay. As a result, the waters of Anchorage Marina are a navigable waterway of the United States subject to federal admiralty jurisdiction.

17. The Fire occurred on the navigable waters of the United States. The Fire had the potential to have a disruptive impact on maritime commerce because fires on navigable waterways and the efforts to fight them there, may, *inter alia*, obstruct the navigable waterway or require rescue and/or salvage efforts that disrupt maritime commerce.

**Limitation Plaintiff's Claim for Exoneration or Limitation**

18. The Limitation Plaintiff has filed this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501-30512.

19. As the Limitation Vessel was (and is) a total wreck and, therefore, has no monetary value, the Limitation Plaintiff is not depositing with the Court any funds as security for the benefit of claimants, but are instead submitting an *Ad Interim* Stipulation for Value for zero dollars ($0.00) (U.S.).

20. The Limitation Plaintiff is depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of One Thousand and 00/100 dollars ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

21. At all material times prior to the Fire, the Limitation Vessel was sound, seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

22. The Fire was occasioned and incurred without the Limitation Plaintiff's privity or knowledge.

23. The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contest liability and the liability of the Limitation Vessel for any property loss, property damage, or personal injury arising out of the Fire.

24. The Fire and all injuries and damages caused thereby or otherwise incurred during or arising from the Fire were not due to any fault, negligence, or lack of due care on the part of the Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel.

25. The Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Fire and has valid defenses thereto based upon the facts and law.

26.     Although filing the *Ad Interim* Stipulation for Value herein, the Limitation Plaintiff expressly denies that he or the Limitation Vessel is liable for any loss or damage. The Limitation Plaintiff hereby claims and reserves the right to contest in this, or any other court, any claim of liability against either himself or the Limitation Vessel.

WHEREFORE, the Limitation Plaintiff William C. Zwingelberg prays that this Honorable Court will:

1.      Enter an Order approving the above-described *Ad Interim* Stipulation for Value, in the amount of zero dollars ($0.00) (U.S.) and Stipulation for Costs in the amount of One Thousand and 00/100 dollars ($1,000.00) (U.S.);

2.      Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3.      Issue an injunction restraining and enjoining the prosecution of any and all suits, actions, or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions, or proceedings of any nature or description in any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or any other property of the Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during or by the Fire;

4.      Enter judgment in favor of the Limitation Plaintiff exonerating him from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the Fire;

5.  If the Limitation Plaintiff shall be judged liable and if he is found to have any interest remaining in the Limitation Vessel, limit his liability to the value of such interest; and

6.  Afford to the Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated:  March 6, 2024                     Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　WILLIAM C. ZWINGELBERG

　　　　　　　　　　　　　　　　　　　By:  /s/ *Jason E. Ohana*
　　　　　　　　　　　　　　　　　　　　　Jason Ohana (Fed. No. 30646)
　　　　　　　　　　　　　　　　　　　　　Michael D. Collett
　　　　　　　　　　　　　　　　　　　　　*Application Approved, Pending Oath*
　　　　　　　　　　　　　　　　　　　　　Willcox & Savage, P.C.
　　　　　　　　　　　　　　　　　　　　　440 Monticello Avenue, Suite 2200
　　　　　　　　　　　　　　　　　　　　　Norfolk, Virginia 23510
　　　　　　　　　　　　　　　　　　　　　Telephone:  757.628.5500
　　　　　　　　　　　　　　　　　　　　　Facsimile:   757.628.5566
　　　　　　　　　　　　　　　　　　　　　johana@wilsav.com
　　　　　　　　　　　　　　　　　　　　　mcollett@wilsav.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Limitation Plaintiff*