**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION—IN ADMIRALTY**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WILLIAM C. ZWINGELBERG, AS THE OWNER OF A 1986 OVERSEAS PT 46, "LAKOTA", HULL IDENTIFICATION NUMBER SY146024G889, OFFICIAL NUMBER 970959, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Civil No.: RDB-24-cv-00677 |

**BRIEF IN SUPPORT OF LIMITATION PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

NOW COMES Limitation Plaintiff William C. Zwingelberg (hereinafter, the "Limitation Plaintiff"), as the owner of the Overseas PT 46, "Lakota" (Hull Identification Number (HIN): SY146024G889, Official Number 970959) (hereinafter, the "Limitation Vessel"), by counsel, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rules F(4) and F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter, the "Supplemental Rules"), as well as the Entry of Default for Non-Appearing Parties and Non-Asserted Claims (ECF No. 12) granting the Limitation Plaintiff's Motion for Entry of Clerk's Default (ECF No. 11), and hereby moves for an order of default judgment against all parties having an interest in this matter who have not yet appeared and against all claims that may have been asserted against the Limitation Plaintiff and Limitation Vessel in this matter but were not timely filed with this Court, and in support thereof, state as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2024, the Limitation Vessel was moored at its slip at Anchorage Marina, located on the navigable waters of the Patapsco River in Baltimore, Maryland. During the morning hours of January 31, 2024, a fire broke out onboard the Limitation Vessel (hereinafter, the "Fire").

1

The Limitation Plaintiff was onboard the Limitation Vessel at the time of the Fire.  The Fire spread and engulfed the Limitation Vessel, and the Limitation Vessel sank to the bottom of the Patapsco River.  The Fire effectively destroyed the Limitation Vessel.  The Fire spread to other vessels, and it is believed that at least two (2) other vessels were either damaged or determined a total loss because of the Fire.  In addition, the floating dock to which the Limitation Vessel was moored also was damaged by the Fire.

On March 6, 2024, Limitation Plaintiff filed his Complaint in Admiralty for Exoneration From or Limitation of Liability (hereinafter, the "Limitation Complaint") (ECF No. 1), pursuant to the federal Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, and Supplemental Rule F for any and all claims arising from the Fire that occurred at the Anchorage Marina in Baltimore, Maryland, on January 31, 2024, as more fully described in the Limitation Complaint.  On that same day, March 6, 2024, the Limitation Plaintiff also filed his Motion to Approve Security and for Publication and Stay (ECF No. 4).

On April 8, 2024, the Court entered its Order for Publication and Stay (ECF No. 5) (hereinafter the "Publication Order") and its Order Accepting Security (ECF No. 6).  On April 24, 2024, the Limitation Plaintiff filed a Motion for an Amended Notice (ECF No. 7).  On April 25, 2024, the Court granted the motion and entered its Order Amending Notice of Complaint for Exoneration From or Limitation of Liability (ECF No. 8) and  an Amended Notice of Complaint for Exoneration From or Limitation of Liability (ECF No. 9).  The Publication Order directed potential claimants to file their claims with the Clerk of this Court, the United States District Court for the District of Maryland, and to serve on or mail to the Limitation Plaintiff's counsel a copy thereof on or before May 31, 2024, or be defaulted.  *See* ECF No. 5 at 2.  The Publication Order also directed the Limitation Plaintiff to publish the notice specified in the Publication Order in *The*

*Baltimore Sun* once per week for four (4) consecutive weeks before May 31, 2024, and to mail a copy of the Notice to every person known to have made or who may make a claim arising out of the Fire no later than the day of the second publication. *See* ECF No. 5 at 2. The Limitation Plaintiff completed the requirements of the Publication Order and Supplemental Rules F(4) and F(6). *See* Notice of Compliance, ECF No. 10.

The deadline for receipt of claims and answers was May 31, 2024. No claimants have come forth to make a claim in these proceedings. On June 3, 2024, Limitation Plaintiff filed his Motion for Entry of Clerk's Default (ECF No. 11). On September 10, 2024, in light of the failure of any party to file a claim in this action, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure, and in response to the Limitation Plaintiff's Motion for Entry of Clerk's Default, the Clerk of this Court entered the requested Entry of Default for Non-Appearing Parties and Non-Asserted Claims (ECF No. 12).

## LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 55(a), '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.' Thereafter, [pursuant to Federal Rule of Civil Procedure 55(b),] the court may enter default judgment at the plaintiff's request and with notice to the defaulting party." *Laufer v. Ft. Meade Hosp., LLC*, Civil Action No. 8:20-cv-1974-PX, 2020 U.S. Dist. LEXIS 210299, at *5 (D. Md. Nov. 10, 2020) (internal citation omitted). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010); *see also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). However, "the extreme

sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Columbia Leasing v. Mullen*, 981 F. Supp. 2d 490, 493 (E.D. Va. 2013) (internal citations omitted). "[D]efault judgment may be proper if 'the adversary process has been halted because of an essentially unresponsive party.'" *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (citing *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). When evaluating default judgment in federal Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, cases, courts have held the following:

> If a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and 'the notice requirements of Supplemental Admiralty Rule F,' courts have discretion to grant default judgment against claimants who do not answer.

*In re John*, Civil Action No. 22-00475-LKG, 2024 U.S. Dist. LEXIS 84242, at *7 (D. Md. May 9, 2024) (citing *In re Nova Grp., Inc.,* Case No. 20-cv-1202-MMA (AHG), 2020 U.S. Dist. LEXIS 251122, at *2 (S.D. Cal. Nov. 5, 2020) (internal citations omitted)). Therefore, "entry of default judgment is left to the sound discretion of the trial court." *Columbia Leasing v. Mullen*, 981 F. Supp. 2d at 493 (citing *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006)).

**ARGUMENT**

The Limitation Plaintiff followed the notice by publication as set forth in Supplemental Rule F(4). Furthermore, the Limitation Plaintiff published this Court's Notice to all potential claimants in a newspaper of general circulation—*The Baltimore Sun*—once per week for four (4) consecutive weeks. Finally, the undersigned mailed a copy of the Notice to every person known to have made or who may make a claim arising out of the Fire no later than the day of the second publication. *See* ECF No. 10. Such notice by publication and mailing to the potential claimants'

4

last known addresses satisfies due process as to any potential claimants and claims in relation to the Fire.  As it is, no claimants have come forth, and the period expired on May 31, 2024.

Although default judgment against non-appearing parties may seem unusual, doing so in this instance is wholly consistent with the underlying policy of limitation actions under general maritime law and the federal Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*  A limitation action, such as in this case, allows the Limitation Plaintiff to bring all claims against him and the Limitation Vessel under a concursus of claims.  Default judgment as to all parties having an interest in this matter who have not yet appeared and against all claims that may have been asserted against the Limitation Plaintiff and the Limitation Vessel in this matter but were not timely filed with this Court clarifies and gives finality to the resolution of the subject matter of such a proceeding.  Additionally, default judgment as to potential claims not timely asserted gives effect to the language in Supplemental Rule F(2), which authorizes a limitation of liability complaint to "demand exoneration from as well as limitation of liability."  Fed. R. Civ. P. Adm. Supp. (F)(2).  Default judgment against any and all potential claimants essentially is a judgment of exoneration as to those potential but not yet identified claimants.

In conclusion, entry of default is proper pursuant to Rule 55(a) when a party "has failed to plead or otherwise defend, and that failure is show by affidavit or others[.]"  Fed. R. Civ. P. 55(a).  The Limitation Complaint contains sufficient factual allegations to establish this Court's subject-matter jurisdiction.  Furthermore, the Limitation Complaint contains sufficient facts that when accepted as true, state a plausible claim for exoneration from and limitation of liability.  Any parties wishing to make a claim with respect to the Limitation Plaintiff, Limitation Vessel, and/or the Fire had sufficient time to file a claim by May 31, 2024, or be defaulted.  That deadline passed with no claimants appearing and no claims filed.  As a result, the Limitation Plaintiff, by motion, requested

the entry of default by the Clerk of this Court, which was entered on September 10, 2024. Any claims not yet asserted against the Limitation Plaintiff are now foreclosed by operation of this Court's Notice, the Limitation Plaintiff's proper publication, and the Entry of Default for Non-Appearing Parties and Non-Asserted Claims.

## CONCLUSION

The federal Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* entitles the Limitation Plaintiff to exoneration from liability for claims arising out of the Fire, provided that the Limitation Plaintiff satisfies the procedural predicates set forth in the Supplemental Admiralty Rules. The Limitation Plaintiff has now done so, and as a result, he is entitled to entry of default judgment.

**WHEREFORE**, Limitation Plaintiff William C. Zwingelberg prays for an order of this Court to enter default judgment against all parties having an interest in this matter who have not yet appeared and against all claims that may have been asserted against the Limitation Plaintiff and the Limitation Vessel in this matter but were not timely filed with this Court, and for such other and further relief as this Court deems just and proper.

Dated:  September 11, 2024                   Respectfully submitted,

                                             WILLIAM C. ZWINGELBERG

                                             By:  /s/ *Michael D. Collett*
                                                  Jason Ohana (Fed. No. 30646)
                                                  Michael D. Collett (Fed. No. 31066)
                                                  Willcox & Savage, P.C.
                                                  440 Monticello Avenue, Suite 2200
                                                  Norfolk, Virginia 23510
                                                  Telephone:  757.628.5500
                                                  Facsimile:   757.628.5566
                                                  johana@wilsav.com
                                                  mcollett@wilsav.com

                                                  *Counsel for Limitation Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system.

Dated:  September 11, 2024         Respectfully submitted,

                                   WILLIAM C. ZWINGELBERG

                                   By:  /s/ *Michael D. Collett*
                                        Jason Ohana (Fed. No. 30646)
                                        Michael D. Collett (Fed. No. 31066)
                                        Willcox & Savage, P.C.
                                        440 Monticello Avenue, Suite 2200
                                        Norfolk, Virginia 23510
                                        Telephone:  757.628.5500
                                        Facsimile:   757.628.5566
                                        johana@wilsav.com
                                        mcollett@wilsav.com

                                        *Counsel for Limitation Plaintiff*